IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PAMELA HANNON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 3:17-cv-00922 |
| v. | ) JUDGE RICHARDSON |
| | ) |
| LOUISIANA-PACIFIC CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Pamela Hannon filed this action against her former employer, Defendant Louisiana-Pacific Corporation, asserting sex and age discrimination claims. (Doc. No. 1.) Before the Court is Defendant's Motion for Summary Judgment (Doc. No. 25). Plaintiff filed a response in opposition (Doc. No. 33), and Defendant replied (Doc. No. 34). For the reasons stated below, Defendant's motion will be granted.

## FACTUAL BACKGROUND[1]

---

[1] Defendant relies on Depina's testimony throughout its Statement of Undisputed Material Facts. (*See, e.g.*, Doc. No. 31 ¶¶ 45, 47, 48). In response, Plaintiff often states, "It is undisputed that Depina so states, however these alleged facts rest on Depina's credibility. Defendant has created a genuine dispute of fact in Depina's own declaration by disputing Plaintiff and by admitting she lied." (*See, e.g.*, *id.* ¶¶ 51, 53, 54 (citations omitted).) As discussed in more detail herein, to the extent Plaintiff presents specific factual evidence disputing Depina's testimony, such as whether Depina made the alleged ageist comments, the Court credits Plaintiff's evidence as true because she is the non-movant. However, with regards to other facts, such as those involving the reorganization, where Plaintiff does not set forth specific factual evidence challenging Depina's testimony, the Court cannot deny summary judgment based on Plaintiff's response quoted above. *See Dice Corp. v. Bold Techs.*, 913 F. Supp. 2d 389, 424 (E.D. Mich. 2012), *aff'd*, 556 F. App'x 378 (6th Cir. 2014) ("[T]he general rule is that specific facts must be produced in order to put credibility in issue so as to preclude summary judgment. Unsupported allegations that credibility is in issue will not suffice." (quoting 10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2726 (3d ed. 1998))). The only additional support Plaintiff provides for her assertion that Depina's testimony should not be credited is that Depina lied. Specifically, Plaintiff cites to Depina's testimony stating that Depina told Plaintiff they were meeting to debrief a trade show, even though Depina knew the meeting was to discuss Plaintiff's termination. The Court finds this

1

In 1987, Defendant hired Plaintiff as an administrative assistant. (Doc. No. 31 ¶ 1.) Defendant later moved Plaintiff to an inside sales position and then to a marketing position. (*Id.* ¶ 3.) Starting in January 1998, Plaintiff's title was Marketing Associate until her title was changed to Manager, Tradeshows in June 2014. (Doc. No. 35 ¶ 2.)

During the last two years of her employment with Defendant, Plaintiff spent more than half of her time managing 100 to 120 trade shows. (Doc. No. 31 ¶¶ 7-8.) For several larger trade shows, Plaintiff met with specific business units of Defendant several times to determine their trade show needs and worked with Derse, a company that created custom exhibits for trade shows. (*Id.* ¶¶ 11-12.) Plaintiff also reserved hotel rooms for Defendant's employees who attended the trade shows and created an online calendar to coordinate customer meals and meetings during the trade shows. (*Id.* ¶¶ 15-16.) In addition to Plaintiff's trade show responsibilities, she, *inter alia*, coordinated Defendant's annual sales meeting. (*Id.* ¶ 24.)

---

statement, by itself, insufficient to create a credibility issue that would preclude summary judgment. Although Depina's statement to Plaintiff indeed can be characterized as a lie, it is not the kind of lie that puts her credibility generally in issue. Rather, it is the kind of untruth that even generally truthful employees may convey from time to time because the alternative—being candid about a meeting's purpose—seems impracticable and/or discomfiting for all concerned. Depina herself states, "[F]or me to be completely transparent on the reason for meeting (such as sending a calendar invite with the title 'Position Elimination Meeting') would be very awkward." (Doc. No. 25-2 ¶ 11.)

The Court does not mean to place its stamp of approval on lying of any sort. Instead it means merely to point out that it is one thing to make a false representation in an effort (misguided or otherwise) to carry out one's job responsibilities, and quite another to lie under oath in civil litigation. Doing the former (especially if only an isolated incident) is not indicative of a propensity to do the latter. "To survive summary judgment the non-movant must offer more than the hope that a fact-finder may question a witness's credibility." *Dice Corp.*, 913 F. Supp. 2d at 424. In the Court's view, Plaintiff has offered noting more than the mere hope that a fact-finder could find Depina not credible based solely on the relatively insignificant fact that Depina told a single untruth to Plaintiff to induce her to come to a meeting.

Around August 2014, Juliet Depina, who is approximately six years and four months younger than Plaintiff, became Plaintiff's supervisor.[2] (*Id.* ¶¶ 2, 25, 65.) Specifically, Depina became manager of the Sales Service Team ("SST"), of which Plaintiff was a part. (*Id.* ¶¶ 44, 46.) In addition to Plaintiff, Depina's SST comprised a Customer Experience Manager (Christine Booker), as well as two "sales administrators" (Tracey Rusin and Whitney Williams) who provided sales support to the East and West regions, respectively. (*Id.* ¶¶ 45-46.) Plaintiff claims that during the next four months, Depina made several ageist comments, which are discussed in more detail herein. (*Id.* ¶¶ 28-41.) Plaintiff never complained to Defendant's human resources department about these comments. (*Id.* ¶ 42.)

On February 6, 2015, Plaintiff met with Depina and Jan Canepari of Defendant's human resources department. (*Id.* ¶ 58.) By then, Depina had decided that the SST needed to be reorganized because she believed that the specialized functions of the SST were not best supporting Defendant's needs. (*Id.* ¶ 47.) As part of the reorganization, Depina wanted the sales administrator role changed from a specialist position to a multi-task, generalist position, and also to expand the number of sales administrators so that each sales administrator could provide more services to a smaller group of field sales people.[3] (*Id.* ¶ 48.) Under Depina's plan, the sales administrators (being more numerous) would each take on a greater breadth of job duties, including trade-show duties that had been Plaintiff's bailiwick. (*Id.* ¶ 49-50.) Depina's plan also involved

---

[2] Plaintiff spells her supervisor's last name as DePina. For the purpose of this motion, the Court adopts Defendant's spelling, Depina. The parties do not appear to dispute that they are referring to the same person.

[3] As noted below, the number of sales administrators ultimately was increased from two to three, not counting the sales services supervisor to whom they reported.

3

the creation of a new position, the sales services supervisor (or "manager") to whom the sales administrators would report. (*Id.* ¶¶ 52-53.)

As a result of this restructuring of the SST, the trade show manger and customer experience manager positions would no longer be needed in the SST. (Doc. No. 31, ¶ 55.) Under Depina's plan, the duties formerly carried out by those positions would thereafter be assumed by the sales administrators and the sales services supervisor.[4] (*Id.* ¶ 56.) The reorganization thus involved the elimination of both the trade show manager position (occupied by Plaintiff) and the customer experience manager position (occupied by Booker). (*Id.* ¶ 54.)

At the February 6, 2015 meeting, Depina informed Plaintiff that Defendant was eliminating her position to better fit the sales unit's needs. (*Id.* ¶ 59.) Plaintiff was told that her position was being eliminated and that her duties would be spread among several other employees. (*Id.* ¶ 60.) After meeting with Plaintiff, Depina and Canepari met with Booker to inform Booker about the elimination of her position. (*Id.* ¶ 64; Doc. No. 35 ¶ 7.)

In the new SST structure, Rusin and Williams remained as sales administrators, and Cassie Kolls was hired on February 9, 2015 as a new sales administrator. (Doc. No. 31 ¶ 68.) Rusin ultimately filled the sales services supervisor position in April 2015. (Doc. No. 35 ¶ 53.) Around June 2015, Desirae Webb was hired as a sales administrator (though the name of the position had by then been changed to sales coordinator).[5] (Doc. No. 31 ¶ 78.) Each of the three sales coordinators had job responsibilities consistent with the plan Depina previously had conceived:

---

[4] Plaintiff disputes that this in fact occurred after the reorganization, arguing that Plaintiff's duties as trade show manager were assumed solely by the sales services supervisor (Rusin). (Doc. No. 31 ¶ 56.)

[5] When Webb left the position, Defendant filled it with a replacement in December 2016. (Doc. No. 31 ¶ 82.)

responsibility for a specific region of the United States handling a wide range of duties, including trade shows. (Id. ¶ 80-81.)

Plaintiff's last day working for Defendant was February 28, 2015. (*Id.* ¶ 4.) At this time, Plaintiff was 58 years old. (*See id.* ¶ 2.) Defendant paid Plaintiff one year of severance. (*Id.* ¶ 67.)

**LEGAL STANDARD**

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). In other words, even if genuine, a factual dispute that is irrelevant or unnecessary under applicable law is of no value in defeating a motion for summary judgment. *See id.* at 248. On the other hand, "summary judgment will not lie if the dispute about a material fact is 'genuine[.]'" *Id.*

A fact is "material" within the meaning of Rule 56(c) "if its proof or disproof might affect the outcome of the suit under the governing substantive law." *Anderson*, 477 U.S. at 248. A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Harris v. Klare*, 902 F.3d 630, 634-35 (6th Cir. 2018).

The party bringing the summary judgment motion has the initial burden of identifying portions of the record—including, *inter alia*, depositions, documents, affidavits, or declarations—that it believes demonstrate the absence of a genuine dispute over material facts. *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 627-28 (6th Cir. 2018); Fed. R. Civ. P. 56(c)(1)(A). The

non-moving party must set forth specific facts showing that there is a genuine issue for trial. *Pittman*, 901 F.3d at 628.

The court should view the facts and draw all reasonable inferences in favor of the non-moving party. *Id.* Credibility judgments and weighing of evidence are improper. *Hostettler v. Coll. of Wooster*, 895 F.3d 844, 852 (6th Cir. 2018). As noted above, where there is a genuine dispute as to any material fact, summary judgment is not appropriate. *Id*. The court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id*. The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence upon which the jury could reasonably find for the nonmoving party. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

## DISCUSSION

### I. Evidentiary Issues

Defendant objects to Plaintiff's Declaration (Doc. No. 33-2) because it does not meet 28 U.S.C. § 1746's requirements. On a motion for summary judgment, a party may object to supporting materials that "cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). 28 U.S.C. § 1746 provides:

> any matter . . . permitted to be . . . established, or proved by . . . affidavit . . . may, with like force and effect, be . . . established, or proved by the unsworn declaration . . . in writing of such person which is subscribed by him, as true under penalty of perjury, and dated in substantially the following form . . . If executed within the United States . . . 'I declare . . . under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)'.

Although the Court finds that Plaintiff's declaration does not substantially conform to Section 1746's requirements because it is undated, the Court overrules Defendant's objection

because the declaration could be presented in another admissible form at trial, such as Plaintiff's testimony.

Plaintiff argues that the Court should determine that Depina and Rusin are not credible and discard their entire testimony. This argument is without merit, however, because it is axiomatic that courts cannot make credibility determinations on motions for summary judgment, and therefore the Court will not do so here. *Hostettler v. Coll. of Wooster*, 895 F.3d 844, 852 (6th Cir. 2018). Thus, Depina's and Rusin's testimony will not be discarded categorically. However, the Court realizes that conflicts between their testimony and Plaintiff's testimony must be resolved in favor of Plaintiff because she is the non-movant. Relatedly, to the extent there are issues of fact in dispute, the Court construes all evidence in Plaintiff's favor and credits her testimony as true, even if it conflicts with the testimony of Depina or Rusin. In so doing, the Court still finds that Defendant is entitled to summary judgment, as discussed in more detail herein.

**II.     Plaintiff's Discrimination Claims**

Defendant moves for summary judgment on both of Plaintiff's claims: sex and age discrimination. Plaintiff concedes that her Title VII sex discrimination claim lacks support. (Doc. No. 33 at 8 n.1.) Accordingly, Defendant is entitled to summary judgment on Plaintiff's sex discrimination claim, and that claim will be dismissed with prejudice.

The Court next determines whether Defendant is entitled to summary judgment on Plaintiff's age discrimination claim. The Age Discrimination in Employment Act ("ADEA") prohibits an employer from discharging an employee "because of such individual's age." 29 U.S.C. § 623(a)(1). A plaintiff may establish an ADEA violation by direct or circumstantial evidence. *Blizzard v. Marion Tech. Coll.*, 698 F.3d 275, 283 (6th Cir. 2012). Defendant argues that Plaintiff cannot establish her age discrimination case using either method. The Court discusses each in turn.

### A. Direct Evidence of Age Discrimination

Direct evidence of discrimination does not require a fact-finder to draw any inferences to conclude that prejudice against a member of a protected group motivated the challenged employment action. *See Umani v. Michigan Dep't of Corr.*, 432 F. App'x 453, 458 (6th Cir. 2011). In other words, where the evidence is such that one can conclude that prejudice motivated the challenged action, that evidence is direct evidence of discrimination. *See id.* "Direct evidence is composed of only the most blatant remarks, whose intent could mean nothing other than to discriminate on the basis of some impermissible factor." *Id.* It is "'evidence from the lips of the defendant proclaiming his or her . . . animus.'" *Diebel v. L & H Res., LLC*, 492 F. App'x 523, 526 (6th Cir. 2012) (quoting *Smith v. Chrysler Corp.*, 155 F.3d 799, 805 (6th Cir. 1998)).

"In age-discrimination cases, allegedly discriminatory remarks are evaluated by considering four factors: '(1) whether the statements were made by a decision-maker or by an agent within the scope of his employment; (2) whether the statements were related to the decision-making process; (3) whether the statements were more than merely vague, ambiguous or isolated remarks; and (4) whether they were made proximate in time to the act of termination.'" *Diebel*, 492 F. App'x at 527 (quoting *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 478 (6th Cir. 2002)). In addition, no single factor is dispositive, and the factors are evaluated as a whole. *Id.*

Plaintiff argues that Depina's alleged comments, which occurred sometime during the approximate four and a half month period when Depina became Plaintiff's supervisor and Plaintiff was terminated, are direct evidence of discrimination. For purposes of this motion,[6] the parties do

---

[6] Defendant denies that Depina made these alleged comments but asks the Court to assume that they are true for the purpose of its motion. Accordingly, the Court credits Plaintiff's testimony for the purpose of the instant motion—an assumption the Court believes would be appropriate in any event.

not dispute the facts regarding these comments and the context in which they were made, which are as follows:

1. When Plaintiff and Depina were both at a bowling alley for a team-building event, Depina said to Plaintiff, "come on, Grandma," when Plaintiff was slow to take her turn to bowl. (Doc. No. 31 ¶ 28.) In response to Depina's comment, Plaintiff jumped up and said, "I'm here. I'm here." (*Id.* ¶ 29.)

2. Plaintiff and Depina were at another team-building event where they were locked in a room and had to figure out how to escape. (*Id.* ¶ 31.) Depina said to Plaintiff, "You should be used to getting out of rooms; you're a grandma." (*Id.*) Plaintiff understood this comment to mean that "kids probably drive you crazy once in a while, and you would find a way to get out of the room." (*Id.* ¶ 32.)

3. During a marketing meeting, Depina said, "Pam is a grandmother." (*Id.* ¶ 34.)

4. During another marketing meeting, Depina made a comment about Plaintiff not being cold in a conference room and then winked and smiled. (*Id.* ¶ 38.)

5. Plaintiff claims that Depina once said to her, "Come on, little old lady." (*Id.* ¶ 40.) Plaintiff admitted that this comment was not made in a mean way. (*Id.* ¶ 41.)

6. In late October 2014, Depina and Plaintiff met to discuss Plaintiff's performance plan. (Doc. No. 35 ¶ 16.) At the meeting, Depina asked Plaintiff about her retirement plans. (*Id.*)

The Court finds that none of these comments constitute direct evidence of discrimination. With regard to the first and second factors discussed above, although Depina, the decision-maker, made the comments, Plaintiff fails to identify any evidence that the comments were related to Depina's decision to terminate Plaintiff. With regard to the third factor, none of the comments, individually or taken together, rise to the blatant standard required to establish direct discrimination. The comments above are either vague or ambiguous, especially because Plaintiff is in fact a grandmother. (Doc. No. 31 ¶ 35.) As to Depina's question regarding Plaintiff's retirement, the Sixth Circuit has held that "questions concerning an employee's retirement plans do not alone constitute direct evidence of age discrimination." *Lefevers v. GAF Fiberglass Corp.*, 667 F.3d 721, 724 (6th Cir. 2012); *see also Scheick v. Tecumsah Public Schools*, 766 F.3d 523,

531 (6th Cir. 2014) (holding that a decision-maker's statement during plaintiff's performance review that "the Board wants you to retire" was not direct evidence of discrimination because it required an inference to conclude that retirement was a proxy for age, as opposed to years of service or a desire to leave the position voluntarily).[7]

With regard to the fourth factor, Plaintiff presents no evidence addressing when the comments occurred, except that the sixth incident occurred at least three months prior to Plaintiff's termination. The evidence in the record establishes only that the other comments were made sometime in the four and a half month time frame between when Depina became Plaintiff's supervisor and when she terminated Plaintiff. Without knowing when exactly the comments occurred, it is difficult for the Court to evaluate this factor. However, the Court finds that the four month and a half month time period is close enough to the termination to weigh in Plaintiff's favor.[8]

When evaluating the four factors as a whole, the Court finds that Plaintiff cannot demonstrate direct evidence of age discrimination. The Court holds that second and third factors,

---

[7] Plaintiff also argues that Depina's failure to complete Plaintiff's 2014 performance evaluation is direct evidence of discrimination. Specifically, Plaintiff states, "It is reasonable to infer from this that DePina saw no need to either make comments or do a year end evaluation because she viewed Ms. Hannon as too old and had already made the decision to terminate her." (Doc. No. 33 at 10.) This argument is not persuasive. Indeed, Plaintiff defeats her own argument when she states "it is reasonable to infer." (*Id.*) As previously discussed, direct evidence of discrimination does not require an inference. In addition, Plaintiff fails to identify any evidence in the record to support her argument.

[8] Plaintiff also states that Depina was making her decision to terminate Plaintiff during the four and a half month time frame discussed above. Although Plaintiff presents e-mails from January 2015 that show Depina was discussing the proposed reorganization with her colleagues, these e-mails do not specifically mention Plaintiff or her position's termination. (*See* Doc. No. 33-15). In addition, the date Defendant decided to terminate Plaintiff is not relevant under the aforementioned Sixth Circuit authority. As discussed above, the fourth factor relates to the time between the statements and the act of termination, not the employer's termination decision. *See Diebel*, 492 F. App'x at 527.

which the Court finds in Defendant's favor, strongly outweigh the first and fourth factors, which the Court finds in Plaintiff's favor. The Court does not mean to suggest that Depina's statements were prudent or in the best of taste. But the instant issue is not whether they were; the issue is whether they constitute direct evidence of age discrimination. Depina's statements were vague or ambiguous, and Plaintiff has failed to identify any evidence that they were related to Depina's decision to terminate her. It is clear that Depina's comments require the fact-finder to draw inferences to conclude that prejudice against Plaintiff motivated her termination and therefore cannot constitute direct evidence of discrimination. *See Umani*, 432 F. App'x at 458. The intent behind Depina's comments could be something other than to discriminate against Plaintiff on the basis of age. Thus, Plaintiff has failed to establish an ADEA discrimination case through direct evidence.

### B. Circumstantial Evidence of Age Discrimination

Absent direct evidence, Plaintiff's ADEA claim is analyzed under the familiar burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973). *Geiger v. Tower Auto.*, 579 F.3d 614, 622 (6th Cir. 2009). Under that framework, Plaintiff must first establish a *prima facie* case of age discrimination. *Martin v. Toledo Cardiology Consultants, Inc.*, 548 F.3d 405, 410 (6th Cir. 2008). To establish a *prima facie* case of age discrimination under the ADEA, the plaintiff must show that she was: (1) a member of a protected class of persons (i.e., persons 40 years of age or over); (2) discharged; (3) qualified for the position held; and (4) replaced by someone outside the protected class. *Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 394 (6th Cir. 2008). "If the termination arises as part of a work force reduction, this court has modified the fourth element to require the plaintiff to provide 'additional direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for

impermissible reasons.'" *Geiger*, 579 F.3d at 623 (quoting *Barnes v. GenCorp*, 896 F.2d 1457, 1465 (6th Cir. 1990)).

Once the plaintiff establishes a *prima facie* case, the burden shifts to the defendant to present a legitimate, non-discriminatory reason for its action. *Martin*, 548 F.3d at 410. Upon the defendant's offer of such a reason, the burden shifts back to the plaintiff who must introduce evidence showing the proffered reason is pretextual. *Id.* at 411-12. A plaintiff can demonstrate pretext by showing that the employer's proffered reason for the termination: (1) has no basis in fact; (2) did not actually motivate the defendant's challenged conduct; or (3) was insufficient to warrant the challenged conduct. *Jackson v. VHS Detroit Receiving Hosp., Inc.*, 814 F.3d 769, 779 (6th Cir. 2016). Under the ADEA, "the plaintiff retains the burden of persuasion to establish . . . that age was the 'but-for' cause of the employer's adverse action." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009).

For the purpose of this motion, the Court will assume, without deciding, that Plaintiff can establish her *prima facie* case. Next, the Court finds that Defendant articulates a legitimate non-discriminatory reason for Plaintiff's termination—the reorganization. *See Shah v. NXP Semiconductors USA, Inc.*, 507 F. App'x 483, 492 (6th Cir. 2012) ("Evidence of an employer's business restructuring, which may include the elimination of jobs or termination of otherwise competent employees . . . satisfies the employer's burden of producing a legitimate, non-discriminatory reason for a plaintiff's termination.").

The Court now turns to whether Plaintiff can demonstrate that Defendant's proffered reason is pretext. As Defendant aptly asserts, nowhere in Plaintiff's opposition does she present a specific argument regarding pretext. Rather, Plaintiff merely discusses the legal standard regarding the three ways to establish pretext and then states, "Here the Plaintiff has presented evidence on

the first two of these issues." (Doc. No. 33 at 11.) Plaintiff's opposition brief then proceeds without ever making another reference to pretext. The Sixth Circuit has held that "'[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.'" *United States v. Stewart*, 628 F.3d 246, 256 (6th Cir. 2010) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)) (alteration in original); *see also Lewless v. Sec'y of Health & Human Servs.*, 25 F.3d 1049 (6th Cir. 1994) (holding that it "is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel" (quoting *Sanchez v. Miller*, 792 F.2d 694, 703 (7th Cir. 1986))). Thus, Plaintiff fails to raise a genuine dispute of material fact as to pretext. Accordingly, because Plaintiff has not demonstrated her age discrimination claim through direct or circumstantial evidence, Defendant is entitled to summary judgment on that claim, which will be dismissed with prejudice.

## CONCLUSION

To the extent Plaintiff found Depina's alleged remarks to be insulting, the Court can sympathize. However, the Court's duty is to decide whether Defendant has met its initial burden on this motion for summary judgment and, if so, whether Plaintiff has failed to meet her resulting burden. The Court answers both questions in the affirmative for the foregoing reasons. Therefore, the Court will **GRANT** Defendant's Motion for Summary Judgment (Doc. No. 25). Plaintiff's case will be **DISMISSED WITH PREJUDICE**. An appropriate order will be entered.

*Eli Richardson*

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE